FILED JUL 29 2005

THOMAS R. STORKAMP.

    Plaintiff,

v.

DR. FRANCIS J. HARVEY,
Secretary, Department of
the Army,

    Defendant.

**COMPLAINT**

COMES the Plaintiff, Thomas R. Storkamp, by and through Attorney Philip W. Barton, whose appearance herein is limited to this filing, stating as follows:

### JURISDICTION

1. That this is a sex discrimination (male) case pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq;* and handicap discrimination ( compression fracture of back) pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 *et seq.*

### PARTIES

2. That the Plaintiff is a citizen and resident of Cumberland County, North Carolina and at all times relevant herein has been a Licensed Practical Nurse (*hereinafter "LPN"*) employed by Defendant as such at Fort Bragg, North Carolina.

3. That Defendant is the Secretary, Department of the Army, who is responsible for the improper actions of subordinate employees at Fort Bragg, North Carolina.

4.      That Plaintiff was an LPN in the Ambulatory Surgery Unit at Womack Army Medical Center on Fort Bragg, North Carolina.

5.      That Plaintiff experienced a medical disabling condition for which the Defendant's employee-agents at Frot Bragg, North Carolina were accommodating.

6.      That Plaintiff's limitations that were being accommodated were a twenty-pound (20) lifting requirement and no unassisted pushing of gurneys with patients.

7.      Thereafter, Plaintiff had his ankle broken during a personal surgical process at Womack and was then denied reentry into the Ambulatory Surgey Unit while on crutches while other female employees of Defedant could enter and work in the same location under similar circumstances.

8.      That Defendant and/or employee-agents whose actions are attributable to Defendant vicariously thereafter discriminatorily refused to further accommodate Plaintiff's back disability while females were accomodated.

9.      That neither the 20 pound lifting restriction nor the inability to push a loaded gurney without assistance was an essential function of Plaintiff's position.

10.     That Plaintiff could safely perform his duties with his medical limitations.and Plaintiff's performance was exemplary.

11.     That the Defendant has not demonstrated an undue burden to allow Plaintiff to perform his LPN duties at the Ambulatory Surgey Unit at Womack Army Medical Center.

12.     That Plaintiff is presently employed as an LPN at

another division on Fort Bragg, North Carolina.

13. That by Decision dated April 25, 2005, postmarked April 26, 2005, the Equal Employment Opportunity Commission affirmed the final order and provided Plaintiff nintey-days to initiate this action plus a five-day mail receipt presumption. (A copy is attached as Exhibit 1 herein).

WHEREFORE, Plaintiffs requests the Court for the following:

1. For a finding of sex and/or handicap discrimination in this case;

2. For retroactive correction of his records to indicate his continuous employement in the Ambulatory Surgery Unit at Womack Army Medical Center;

3. For all pay and allowances, including differentials and retention bonuses, he would otherwise have received had he continuously been employed at the Ambulatory Surgery Unit;

4. To otherwise be made whole;

5. For his reasonable attorney's fees to be paid by Defendant;

6. For compensatory damages;

7. For a jury trial of all issues in accordance with statute and court rules.

*8. For such other relief that the court deems fit, just and appropriate.*

THIS the 29th day of July, 2005.

PHILIPP W. BARTON, Esq.
Post Office Box 53581
Fayetteville, NC 28305-3581
910-485-4444

Appearance limited to filing



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

Thomas R. Storkamp,
Complainant,

v.

Dr. Francis J. Harvey,
Secretary,
Department of the Army,
Agency.

Appeal No. 01A50899

Agency No. BODNFO0202C0030

Hearing No. 140-2003-08166X

## DECISION

Pursuant to 29 C.F.R. § 1614.405, the Commission accepts complainant's appeal from the agency's final order in the above-entitled matter. Complainant alleged that the agency discriminated against him on the bases of his disability (compression fracture in back) and sex when:

(1) in January 2002, he received a memorandum requesting additional medical information from him, essentially stating that, unless he was able to perform all the duties of his position, he was at risk of being removed;[1] and

(2) he was removed from his work area while females with similar disabilities were allowed to work.[2]

---

[1] While the memorandum requested additional medical information from complainant, regarding his ability to perform "all the duties of his position," the record reflects that the agency was trying to ascertain which of his essential duties he could perform. Complainant's restrictions included no lifting above 20 pounds and no unassisted pushing of gurneys with patients, and the Officer in Charge was concerned that, as a Practical Nurse in the Ambulatory Surgery Unit, complainant's ability to safely perform the duties of his position was hindered due to his restrictions.

[2] The record reflects that the comparators complainant identified as being allowed to remain in their original positions were not similarly situated to complainant because those female

2                                01A50899

After a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to affirm the final agency order because the Administrative Judge's ultimate finding, that unlawful employment discrimination was not proven by a preponderance of the evidence, is supported by the record.[3]

STATEMENT OF RIGHTS - ON APPEAL

RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

---

employees had temporary restrictions, whereas complainant's were permanent. Nonetheless, the agency offered complainant positions in an administrative field, which would have resulted in a higher grade, but complainant refused those positions.

[3] We assume without finding, for the purposes of analysis only, that complainant is an individual with a disability.

3                                                            01A50899

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

APR 2 5 2005

Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

APR 2 5 2005
_____
Date

*[signature]*
_____
Equal Opportunity Assistant